Todd ASHKER, Plaintiff–Appellant,

v.

Susan STEINBERG, Dwight Winslow, Everett Allen, Ricci Gollihar, Mike Billington, Defendants–Appellees.

No. 05–15058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed June 25, 2007.

Herman A.D. Franck, V, Esq., Law Office of Herman Franck, Sacramento, CA, for Plaintiff–Appellant.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

United States Circuit Judge for the Sixth Cir-

MEMORANDUM [**]

This matter arose out of an incident that occurred when Todd Ashker was fighting with another inmate at Pelican Bay State Prison and a guard shot him, injuring Ashker's wrist and arm. In 1995, a jury awarded him damages under 42 U.S.C. § 1983 for this incident. In 1997, he filed another § 1983 action alleging deliberate indifference in violation of the Eighth Amendment for failure to provide him with proper medical care for his injured wrist and arm. In 2001, Ashker sought leave to amend his complaint to include allegations of continual denials by the prison staff to provide him with medical care. The district court denied that motion. In October 2001, he filed a new § 1983 action alleging that the state had failed to provide ongoing medical care for his wrist and arm, in violation of the Eighth Amendment. Ashker reached a settlement agreement with the state in May 2002 regarding the 1997 complaint. The district court found that the settlement agreement covered the claims in Ashker's 2001 complaint. We **AFFIRM.**

As a preliminary matter, Ashker's motion asking the panel to consider documents from his other pending cases is denied because these materials were not presented to the district court.

We construe the settlement agreement according to the plain meaning of its terms. *See Nodine v. Shiley Inc.,* 240 F.3d 1149, 1154 (9th Cir.2001) (interpreting settlement agreement using its plain language). Paragraph 1.1 of the agreement provides in relevant part:

Releasor hereby completely releases and forever discharges Releasees, the State of California, its departments, including but not limited to the Department of Corrections and Pelican Bay State Prison in Crescent City, California, their agents, servants and associates from any and all past, present or future claims, demands, obligations, actions, causes of action, personal injury or wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Releasor now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the Complaint and all related pleadings, in this case including, without limitation, any and all known or unknown claims for bodily and personal injuries to Releasor, ... which have resulted or may result from the alleged acts or omissions of the Releasees or their employees or agents.

The settlement agreement encompasses the issues Ashker raises in his 2001 complaint notwithstanding the penciled-in "in this case" language.

In the second complaint, Ashker asked for relief because the state failed to provide timely and adequate pain management for his injuries. In the settlement agreement, the state agreed to compensate Ashker for his injures, to reinstate his physical therapy, to provide him with access to a pain management specialist, to implement a pain management program for him, and to provide him with an appropriate arm brace. It is reasonable to assume that the government agreed to these provisions operating under the assumption that the settlement agreement would bar any Eighth Amendment claims that arose prior to the date of the agreement. *See*

cuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*United States v. ITT Continental Baking Co.,* 420 U.S. 223, 238, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975) (holding that court can look at the entire circumstances surrounding settlement agreement).

**AFFIRMED.**